UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter DENUCCI,<br><br>                       Plaintiff,<br><br>v.<br><br>AFLAC,<br><br>                       Defendant. | Case No.: 25-cv-0540-AGS-DDL<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS (ECF 4), VACATING HEARING, AND CLOSING CASE** |

      Plaintiff Peter DeNucci filed a state-court complaint alleging the "wrongful denial of long-term disability (LTD) benefits under an insurance policy issued by Aflac." (*See* ECF 1-3, at 5.) Defendant Aflac removed to federal court and moved to dismiss for lack of personal jurisdiction and failure to state a claim, arguing primarily that it was not subject to California state jurisdiction nor was it the insurer or processor of DeNucci's long-term disability benefits. (*See generally* ECF 4.) The Court ordered DeNucci to file "any response to the pending motion to dismiss" by "May 30, 2025." (ECF 5.) To date, he has filed nothing; indeed, he has not participated in this suit since its removal to federal court.

      When "a plaintiff fails to defend [a] cause of action in opposition to a motion to dismiss," the court may find that claim waived. *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017). Because defendant moved to dismiss all DeNucci's claims and DeNucci failed to oppose any of those grounds, he waived all his causes of action. Moreover, DeNucci has not rebutted defendant's argument that it is not subject to this Court's personal jurisdiction, despite bearing the burden to make that showing once challenged. *See, e.g.*, *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1035 (9th Cir. 2023) (holding that plaintiff "bears the burden of proving the first two prongs" of the specific personal jurisdiction test, including "(1) the defendant performed an act or consummated a transaction by which it purposely directed its activity toward the forum state" and "(2) the claims arose out of defendant's forum-related activities"). Based on waiver and on the merits, defendant's unopposed motion is

**GRANTED**, DeNucci's complaint is **DISMISSED** with leave to amend, and the upcoming June 13, 2025 hearing is **VACATED**. The Clerk must close this case.

If by **July 10, 2025**, plaintiff DeNucci files an amended complaint addressing the issues identified by defendant, the Court will automatically reopen and resume this case. Any amended complaint must be complete by itself without reference to any previous version of that pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1.

Dated: June 5, 2025

_____
Hon. Andrew G. Schopler
United States District Judge